**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THERESA BROOKE, a married woman dealing with her sole and separate claim,<br><br>Plaintiff,<br><br>v.<br><br>TORREY INN LP, a Delaware limited partnership dba Hilton Garden Inn San Diego Del Mar,<br><br>Defendant. | Case No. 20-cv-1216-GPC-BLM<br><br>**ORDER GRANTING MOTION TO AMEND COMPLAINT**<br><br>**[ECF No. 17.]** |

Before the Court is Plaintiff Theresa Brooke's motion for leave to file an amended complaint. ECF No. 17. Defendant Torrey Inn LP has filed an opposition. ECF No. 19.

The Court finds this motion suitable for disposition without oral argument pursuant to Civ. L.R. 7.1(d)(1) and accordingly VACATES the hearing on this matter currently set for January 22, 2021. For the reasons that follow, the Court hereby GRANTS Plaintiff's motion.

\ \ \

## I.     Background

Plaintiff Theresa Brooke ("Plaintiff") is a legally disabled woman who ambulates using a wheelchair. ECF No. 1 ("Complaint") ¶ 1. Plaintiff and her husband "are avid travelers to California for purposes of leisure travel, court-related hearings, conferences and inspections, and to 'test' whether various hotels across the Country comply with disability access laws." *Id.* ¶ 8. On approximately May 24 and 26, 2020, Plaintiff and her husband visited the Hilton Garden Inn San Diego Del Mar ("the Hotel"), a hotel located at 3939 Ocean Bluff Avenue in San Diego, California, that Plaintiffs assert is owned and/or operated by Defendant Torrey Inn LP ("Defendant"). *Id.* ¶¶ 2, 10. Plaintiff alleges that she could not access the Hotel's lobby because the passenger loading zone in front of the lobby did not have an access aisle that complies with Section 503 of the 2010 ADA Standards for Accessible Design. *Id.* ¶¶ 10–11. Because of the accessibility issue, Plaintiff was deterred from booking a room and asserts she will continue to be deterred from booking a room until the alleged barrier is remedied. *Id.* ¶¶ 15–16.

On June 30, 2020, Plaintiff filed her Complaint against Defendant, alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq., and California's Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51, 52. Plaintiff seeks a declaratory judgment that Defendant's actions with respect to the passenger loading zone was unlawful, a permanent injunction requiring Defendant to bring the passenger loading zone into compliance with the ADA and the Unruh Act, monetary damages, as well as costs and attorney's fees.

On September 1, 2020, Defendant filed its answer to the Complaint. ECF No. 8. Thereafter, the parties began discovery. On November 2, 2020, Plaintiff filed the instant motion, arguing that she should be granted leave to amend the Complaint to add Hostmark Hospitality Group LLC ("Hostmark") as a defendant, as Plaintiff's counsel recently discovered that Hostmark operates the Hotel. ECF

No. 17. On December 11, 2020, Defendant filed its response in opposition. ECF No. 19. Plaintiff did not file a reply.

## II.     Legal Standard

Under Federal Rule of Civil Procedure ("Rule") 15(a), leave to amend a complaint after a responsive pleading has been filed "shall freely be given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a). Granting leave to amend rests in the sound discretion of the trial court, *Int'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1390 (9th Cir. 1985) but "[r]equests for leave to amend should be granted with 'extreme liberality.'" *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (quoting *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009)). Courts look to several factors when considering whether to grant leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc." *Sonoma Cnty. Ass'n of Retired Emples. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (alteration in original) (quoting *Foman*, 371 U.S. at 182 (1962)).

"Futility alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). "A determination of futility contemplates whether . . . the amendment could present a viable claim on the merits for which relief could be granted." *Murray v. Schriro*, 745 F.3d 984, 1015 (9th Cir. 2014) (citing *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 893 (9th Cir. 2010)). In determining whether an amendment would present a viable claim against a party, a court should apply the same standards that control a motion to dismiss under Rule 12(b)(6), which requires that a complaint be dismissed if it fails to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009); *see also Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013) (applying *Iqbal* in context of motion for leave to amend). A court must accept all factual allegations in the complaint as true, but should disregard all legal conclusions. *Iqbal*, 556 U.S. at 678–79 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## III. Discussion

Here, Plaintiff seeks to amend the Complaint to add Hostmark as a defendant, on the grounds that Hostmark "operates" the Hotel. Defendant contends amendment would be futile, arguing that Hostmark does not operate the Hotel and Plaintiff has failed to allege facts to show that Hostmark is a proper defendant under the ADA.

"Title III of the ADA prohibits discrimination 'by any person who *owns*, *leases* (or leases to), or *operates* a place of public accommodation.'" *Lentini v. California Ctr. for the Arts, Escondido*, 370 F.3d 837, 849 (9th Cir. 2004) (quoting 42 U.S.C. § 12182(a)) (emphasis in original). Likewise, under the Unruh Act, a plaintiff must allege either that the defendant violated the ADA or had the intent to discriminate. *See* Cal. Civ. Code § 51(f); *Montoya v. City of San Diego*, 434 F. Supp. 3d 830, 852 (S.D. Cal. 2020).

In the proposed amended complaint, Plaintiff alleges that Hostmark operates the Hotel. ECF No. 17-2 ("Proposed FAC") ¶ 3. Although Defendant provides a declaration supporting its claim that "Hostmark has nothing to do with ownership or control of the Hotel [and Hostmark] is neither an owner, operator, lessor, lessee, manager or director of the hotel," ECF No. 19 at 4 (citing Declaration of Vikram Sood, ¶¶ 3-5), this essentially raises a factual dispute with Plaintiff's allegation that Hostmark operates the Hotel. The Court must accept all of Plaintiff's factual allegations as true and may not consider matters beyond the proposed amended complaint at this stage of the case. The Court recognizes that Plaintiff's proposed amendment is bare on the details of Hostmark's operation with the Hotel.

4

However, Plaintiff need not plead "detailed factual allegations" to state a claim. *Iqbal*, 556 U.S. at 678.

The Court therefore finds that Plaintiff's proposed amended complaint states facially plausible ADA and Unruh Act claims, and thus that amendment would not be futile.  Additionally, Defendant has not shown that any of the other factors underlying the Court's decision whether to grant or deny leave to amend are sufficient to overcome the liberality of Rule 15(a)'s amendment standard.

## IV. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** Plaintiff's motion for leave to amend the Complaint.

The Court further **VACATES** the hearing on this matter currently set for January 22, 2021.

**IT IS SO ORDERED.**

Dated:  January 19, 2021

Hon. Gonzalo P. Curiel
United States District Judge